OPINION
SMITH, Circuit Judge.
Billy Joe Reynolds pleaded guilty to one count of knowingly failing to register and update a registration, in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. In this appeal, he challenges the constitutionality of SORNA and the legality of the Attorney General's Interim Rule implementing that law. See 72 Fed. Reg. 8894 (Feb. 28, 2007) (codified at 28 C.F.R. §~ 72.1-72.3). He also argues that his guilty plea should be invalidated because he is "actually innocent" of violating SORNA's registration requirements. We reject each of his arguments and will affirm the judgment of conviction.
 First, Reynolds argues that SORNA's registration requirements exceed congressional power under the Commerce Clause. He also contends that punishing him for failing to comply with those requirements violates the Ex Post Facto Clause and offends due process. These claims are foreclosed by our decision in United States v. Shenandoah, 595 F.3d 151 (3d Cir.2010).
Second, Reynolds argues that SORNA's registration regime violates the Tenth Amendment. We decline to reach this argument because Reynolds lacks standing to raise it. Id. at 161-62.
Third, Reynolds asserts that the Interim Rule is invalid because it violates the NonDelegation Doctrine. He also notes that the Interim Rule was made effective immediately and promulgated without a 30-day notice and comment period, and maintains that such enactment was not justified under the "good cause" exceptions of 5 U.S.C. § 553(b)(3)(B) and (d)(3). We decline to reach these arguments as well. In Shenandoah, we held that the Interim Rule affected only those sex offenders who "did not have a registration `requirement prior to the passage of SOR-NA but nonetheless were subject to sex offender registration requirements after SORNA became law{.]" 595 F.3d at 163. We further held that the defendant, who was required to register as a sex offender under state law before SORNA was enacted-and was in fact so registered-lacked standing to challenge the Interim Rule. Id. at 163-64. Reynolds was likewise registered under state law before congress passed SORNA. Therefore, the Interim Rule did not apply to him, and he lacks standing to challenge it. Id. at 163-64.
Finally, Reynolds argues that he was actually innocent of violating SOR-NA's registration requirement, because SORNA required him to register only after he habitually resided in Pennsylvania for at least 30 days, and he was present in the Commonwealth for only 29 days before his arrest. Reynolds waived the right to advance that argument in his plea agreement, however, and we conclude that enforcement of that waiver would not coristi-tute a miscarriage of justice. United States v. Goodson, 544 F.3d 529, 533 (3d Cir.2008).
The judgment of conviction will be affirmed.