NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2467
_____

UNITED STATES OF AMERICA

v.

KEVIN DIMPFL,
Appellant.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 11-cr-00002-1)
District Judge: Honorable Arthur Schwab
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 10, 2013

Before: SCIRICA, AMBRO, and FUENTES *Circuit Judges*

(Opinion Filed: April 3, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Kevin Dimpfl appeals the district court's denial of his motion to withdraw a plea

of guilty for failing to register as a sex offender under the Sex Offender Registration and

Notification Act ("SORNA") of 2006, Pub. L. No. 109-248, 42 U.S.C. § 16901 *et seq.*

Dimpfl argues that the district court should have permitted him to withdraw his guilty

1

plea in light of the Supreme Court's decision in *United States v. Reynolds*, 132 S. Ct. 975 (2012) ("*Reynolds I*"), and the remand of *Reynolds* to this Court. We disagree and will affirm the district court's judgment.

## I.

We set forth only the facts relevant to our resolution of this appeal.

Among other things, SORNA makes it a federal crime for qualifying individuals to move to a new jurisdiction without registering as a sex offender with proper law enforcement authorities. *See* 18 U.S.C. § 2250 (2006). SORNA became effective on July 27, 2006, but delegated to the Attorney General the responsibility to determine its applicability to individuals who were convicted of sex offenses prior to that date. *See* 42 U.S.C. § 16913(d); *Reynolds I*, 132 S. Ct. at 984. On February 28, 2007, the Attorney General issued an "Interim Rule," specifying that SORNA's registration requirements applied to pre-SORNA offenders (the "Interim Rule"). *See* Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg. 8894, 8894-95 (proposed Feb. 28, 2007). The Interim Rule was issued without account of the notice-and-comment period requirements of the Administrative Procedure Act ("APA"). *See United States v. Reynolds*, No. 08-4747, __ F.3d__, 2013 WL 979058, at *3 (3d Cir. Mar. 14 2013) ("*Reynolds II*"). On July 2, 2008, following a notice-and-comment period, the Attorney General issued final guidelines retroactively applying the registration requirements (the "Final Guidelines"). *See* National Guidelines for Sex offender Registration and Notification, 72 Fed. Reg. 38030 (July 2, 2008).

Dimpfl had pled guilty to forcible rape in New York State in 1998. Between

March and May of 2010, he moved to Pennsylvania and failed to notify authorities of his arrival. On December 15, 2011, Dimpfl pled guilty to one count of traveling in interstate commerce and failing to register as a sex offender, in violation of 18 U.S.C. § 2250. Section 2250 was applied to Dimpfl, a pre-SORNA sex offender, via the Final Guidelines.

Meanwhile, the Supreme Court had heard a case on writ of certiorari from this Circuit regarding SORNA. At issue in *Reynolds I* was whether SORNA applied to pre-SORNA offenders on its own terms, as we had held, *see United States v. Reynolds*, 380 Fed. Appx. 125 (3d Cir. 2012), or whether pre-SORNA offenders could only be convicted pursuant to retroactivity rules issued by the Attorney General. On January 23, 2012, the Supreme Court agreed with the latter view, and remanded the case to this Court for consideration of Reynolds' additional argument regarding the legality of the Interim Rule under which he had been convicted. *See Reynolds I*, 132 S. Ct. at 984. Namely, Reynolds argued that the Interim Rule's failure to comply with the APA rendered that rule illegal. He argued in the alternative that SORNA's delegation of authority to the Attorney General to issue any rules governing SORNA's retroactivity was an unconstitutional delegation of authority by Congress.

Following the Supreme Court's ruling in *Reynolds I*, Dimpfl moved to withdraw his guilty plea or postpone his sentence. Dimpfl appeared to argue that he believed a ruling in the *Reynolds I* remand could possibly undermine the legal basis of his conviction, positing that he may be "entitled to relief from the remand of *Reynolds* to the Third Circuit." *See* Appellant Br. at 5. The district court denied the motion. It noted that

3

the *Reynolds I* remand involved the legality of the Interim Rule, but not the legality of the Final Guidelines under which SORNA's registration requirement had been applied to Dimpfl. The district court ultimately sentenced Dimpfl to 15 months in prison, the bottom of his guideline range. This appeal followed.

On March 14, 2013, we decided in *Reynolds II* that the Interim Rule that was the basis of Reynolds' conviction was issued in violation of the APA. We therefore vacated Reynolds' conviction. *Reynolds II* did not involve the legality of the Final Guidelines, nor did it address Reynolds' argument that SORNA's delegation of authority to the Attorney General was unconstitutional.

## II.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

A criminal defendant may withdraw his guilty plea before sentencing if he "can show a fair and just reason" to do so. Fed. R. Crim. P. 11(d)(2)(B). We have stated that in ruling on a motion to withdraw a guilty plea, district courts must look at whether a defendant asserts his innocence, at the strength of the reasons for the withdrawal, and at the prejudice to the government. *See, e.g.*, *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011). We review a district court's ruling on such a motion for abuse of discretion. *See id.*

In this appeal, Dimpfl argues that the district court abused its discretion in denying his motion because "issues exist[ed] in [*Reynolds*] which could possibly benefit" him. Appellant Br. at 3-4. He also states, however, that "the answer to this appeal is whether

4

the Rule passed by the Attorney General which affects the Appellant's case is under scrutiny under the remand of *Reynolds [I]*," *id.* at 8, and that "[i]f the only rule under scrutiny by this Court is the [Interim Rule], then the [district] Court was right in not allowing [him] to withdraw his plea." *Id.*

As noted, the Final Guidelines that served as the basis for Dimpfl's conviction were not "under scrutiny" in *Reynolds II*. The only issue decided in *Reynolds II* related to the legality of the Interim Rule. Accordingly, under Dimpfl's own statement of the issue for review, the district court correctly denied his motion to withdraw his guilty plea.

In *Reynolds II* we did not address the constitutionality of SORNA's delegation of power to the Attorney General. A ruling for Reynolds on that question would have called into question Dimpfl's conviction. But Dimpfl himself does not argue that SORNA's delegation of power violates Article I of the Constitution. Nor did Dimpfl make such an argument before the district court.

Under these circumstances, we cannot say that the district court abused its discretion in denying Dimpfl's motion to withdraw his guilty plea.

### III.

For the foregoing reasons, we will affirm the district court's judgment.

5